In view of the foregoing conclusion, we need not consider other grounds of appeal urged.

Reversed.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAY KINTNER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 14, 1969—Decided May 13, 1969.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. Daniel R. Coburn,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Raymond R. Trombadore,* First Assistant Prosecutor argued the cause for respondent (*Mr. Michael R. Imbriani,* Somerset County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM.. Defendant Jay Kintner and one John Joseph Brennan were jointly indicted for grand larceny (*N. J. S.* 2A:119-2). The charge specified that on May 13, 1967, in the Township of Green Brook, in Somerset County, they did feloniously steal, take and drive away a 1963 Rambler sedan, of the value of $550, the personal property of Harry Wallman.

Kintner was tried alone before a jury, by whose verdict he was found guilty. He was sentenced to the New Jersey Reformatory at Bordentown for an indeterminate term, to run

consecutively to the sentence he was serving. Brennan had pleaded guilty to the offense but had not been sentenced at the time of Kintner's trial. He testified at that trial as a witness for defendant.

This is a direct appeal by Kintner alone from the judgment of conviction. He advances three points in his argument for a reversal. We shall consider them in the order set forth in defendant's brief.

## I

Defendant contends that the trial court's instructions to the jury were misleading in that they required the jury to scrutinize carefully the testimony of Brennan who testified for defendant. In referring to Brennan's having testified, the trial judge charged the jury

"* * * to give this testimony the careful scrutiny because here is a man who has been convicted, by his plea of guilty to the charge, and remains to be sentenced. This, of course, is entirely within your judgment. Whether you feel that under the circumstances, after giving careful scrutiny, that Mr. Brennan was lying is one thing. On the other hand, you may feel that he had nothing to gain here and was not lying, and, in fact, might be penalized by lying. This is another thing, but I leave it entirely to you, Members of the Jury, for your acceptance."

Defense counsel objected to the charge, claiming that the trial judge "laid excess stress on the conviction of a crime, about his credibility," and that the trial court "never really told them [the jurors] that the fact that a person has been convicted of a crime doesn't mean you shouldn't believe him. You can still believe him if you want to * * *." Defense counsel made no specific objection to the trial court's use of the words "careful scrutiny."

■ Ordinarily, the need to give "careful scrutiny" to the testimony of an accomplice applies when he testifies for the State and can hope to gain some benefit for himself, such as a lighter penalty, if he has not already been sentenced, or a pardon, reduction in the sentence, or even a dismissal of a

pending charge. *State v. Spruill*, 16 *N. J.* 73, 79–80 (1954); *State v. Begyn*, 34 *N. J.* 35, 54 (1961). But these reasons do not exist for careful scrutiny when the witness testifies as a witness for a defendant. As a defense witness, the accomplice cannot hope for any special consideration from the State. For that reason the question of his credibility is the same as with any other witness. See *State v. Gardner*, 51 *N. J.* 444, 460–461 (1968), to the effect that the "accomplice" charge has no place in a situation where the co-defendant testifies for the defendant on trial.

In the instant case the trial court did not refer to the witness Brennan as an accomplice. The reference as to "close scrutiny" was made in reference to his prior conviction of crime. Defense counsel made no objection to the use of the words "close scrutiny," but addressed objection only to the court's alleged stress upon the effect of a prior conviction as affecting credibility. Thus, the "accomplice" rule was not stated. And even if it had been, the error was not "plain error," as it needs must be in the absence of specific objection.

Our decision in *State v. Anderson*, 104 *N. J. Super.* 18 (*App. Div.* 1968), affirmed *o.b.* 53 *N. J.* 65 (1968), held that a charge containing the words "close scrutiny" and "carefully scrutinize," in referring to the testimony of two defense witnesses, did not constitute "plain error." We reach a similar conclusion here.

## II

Defendant next contends that the court's instructions concerning the credibility of defendant and his witness Brennan were inadequate and misleading, because the jury was not told that their credibility "was not necessarily affected by previous criminal convictions."

Defendant and Brennan had criminal records. This fact was brought out at the trial for the sole purpose of affecting their credibility as witnesses. This is permitted. *N. J. S.* 2*A*:81–12. The trial judge explained the limited purpose of such evidence in charging the jury. The court made no

specific statement that the jury, in its discretion, could conclude that the credibility of the witness was not affected by the convictions. By the same course, however, it did not instruct the jury that it was bound to give some effect to the prior convictions. It remarked only that this evidence was permitted "for the sole purpose of affecting the credibility of the witness or party * * * solely to aid you, the Jury, in weighing the testimony of the person who was convicted of crime." The court made clear that evidence of prior conviction of crime had no "probative value or weight to prove that he committed the crime in question."

Correct practice calls for the trial court to make the specific statement noted above, omission of which is complained of by defendant. *State v. Baker*, 90 *N. J. Super.* 38, 40 (*App. Div.* 1966). However, in the light of the charge on this subject as a whole, we find no prejudice to defendant waranting a reversal.

Accordingly, we find no substantial merit in this asserted ground for reversal.

### III

■ Defendant's final claim is that the verdict is against the weight of the evidence.

Our review of the trial record satisfies us that there was sufficient credible evidence before the jury to justify its verdict. *R. R.* 1:5–1(*a*).

The judgment of conviction is affirmed.